UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MEL MADOU DUKULY,
<u>Plaintiff-Appellant,</u>

v.

WOODMEN OF THE WORLD LIFE
INSURANCE SOCIETY; WILLIAM GROCE,
Sued under color of state law and
in his individual capacity; C.

WALLS, Detective, #1398, sued in
his official and individual capacity;
PRINCE GEORGE'S COUNTY POLICE
DEPARTMENT, sued as a municipality
county government in the state of
Maryland,
<u>Defendants-Appellees.</u>

No. 99-6901

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Andre M. Davis, District Judge.
(CA-99-1694-AMD)

Submitted: November 30, 1999

Decided: December 28, 1999

Before LUTTIG, WILLIAMS, and TRAXLER, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Mel Madou Dukuly, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Mel Madou Dukuly appeals the district court's sua sponte dismissal of his 42 U.S.C.A. § 1983 (West Supp. 1999) complaint. Dukuly alleged various constitutional violations arising from the lodging against him of a detainer for theft. Because the district court should have afforded Dukuly the opportunity to allege when he learned that the criminal charges against him were filed, we vacate the district court's order and remand for further proceedings.

Dukuly asserted that, while incarcerated on apparently unrelated charges, he was charged with the theft from his former employer of a laptop computer and a printer. The theft allegedly occurred between January 4, 1996, and May 30, 1996. The district court found that Dukuly should have known of his injuries no later than May 30 and that the three-year limitations period, see Wilson v. Garcia, 471 U.S. 261, 266 (1985); Md. Cts. & Jud. Proc. Code Ann.§ 5-101 (1995), had expired by the time Dukuly filed his complaint on June 11, 1999. Accordingly, the court dismissed the action as time-barred.

Dukuly alleged, among other things, that the Defendants conspired to falsely arrest, unlawfully detain, and defame him. The cause of action arose not when the theft allegedly occurred, but rather when Dukuly received notice that he had been charged with the theft. The record is silent as to this crucial date. We therefore vacate the judgment of the district court and remand so that Dukuly may amend his complaint to allege when he first learned of the filing of the criminal charge.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

2